UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WILLIAM B. DANZELL,  Plaintiff, v.  NESTOR, INC,  Defendant. | C.A. NO. 1:09-CV-00142 ML/LDA |

## ANSWER OF DEFENDANT NESTOR, INC. TO PLAINTIFF WILLIAM B. DANZELL'S COMPLAINT

Nestor, Inc., by and through its undersigned counsel, hereby responds as follows to the correspondingly numbered paragraphs of the Complaint filed by Plaintiff, William B. Danzell, in the above-captioned action:

1. Nestor lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 and calls upon Danzell to prove the same.

2. Nestor admits that it is a for-profit corporation organized under and existing by virtue of the laws of the State of Delaware. Nestor lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 2 and calls upon Danzell to prove the same.

3. The allegations of Paragraph 3 purport to describe the terms of a certain Employment Agreement, a copy of which is attached to the Complaint, and which speaks for itself. Nestor denies the allegations contained in Paragraph 3 to the extent they are inconsistent with the language and terms of the Employment Agreement.

4. Denied.

5. The allegations of Paragraph 5 purport to describe the terms of a certain Employment Agreement, a copy of which is attached to the Complaint, and which speaks for itself.  Nestor denies the allegations contained in Paragraph 5 to the extent they are inconsistent with the language and terms of the Employment Agreement.

6. The allegations of Paragraph 6 purport to describe the terms of a certain Employment Agreement, a copy of which is attached to the Complaint, and which speaks for itself.  Nestor denies the allegations contained in Paragraph 6 to the extent they are inconsistent with the language and terms of the Employment Agreement.

7. The allegations of Paragraph 7 purport to describe the terms of a certain Employment Agreement, a copy of which is attached to the Complaint, and which speaks for itself.  Nestor denies the allegations contained in Paragraph 7 to the extent they are inconsistent with the language and terms of the Employment Agreement.

8. The allegations of Paragraph 8 purport to describe the terms of a certain Employment Agreement, a copy of which is attached to the Complaint, and which speaks for itself.  Nestor denies the allegations contained in Paragraph 8 to the extent they are inconsistent with the language and terms of the Employment Agreement.

9. The allegations of Paragraph 9 purport to describe the terms of a certain Employment Agreement, a copy of which is attached to the Complaint, and which speaks for itself.  Nestor denies the allegations contained in Paragraph 9 to the extent they are inconsistent with the language and terms of the Employment Agreement.

10. The allegations of Paragraph 10 purport to describe the terms of a certain Employment Agreement, a copy of which is attached to the Complaint, and which speaks for

itself.  Nestor denies the allegations contained in Paragraph 10 to the extent they are inconsistent with the language and terms of the Employment Agreement.

11. The allegations of Paragraph 11 purport to quote language contained in Section 4 of the Employment Agreement, which speaks for itself.  Nestor denies the allegations contained in Paragraph 11 to the extent they are inconsistent with the language and terms of the Employment Agreement.

12. The allegations of Paragraph 12 purport to quote language contained in Section 5 of the Employment Agreement, which speaks for itself.  Nestor denies the allegations contained in Paragraph 12 to the extent they are inconsistent with the language and terms of the Employment Agreement.

13. Denied.

14. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Danzell's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Danzell's claim is barred by the terms of the Agreement.

### Third Affirmative Defense

Danzell's claim is barred by his own breaches of the Agreement.

### Fourth Affirmative Defense

Danzell's claim is barred by the doctrine of unclean hands.

### Fifth Affirmative Defense

Danzell's claim is barred by the doctrine of waiver.

### Sixth Affirmative Defense

Danzell's claim is barred by the doctrine of estoppel.

### Seventh Affirmative Defense

Danzell's claim is barred, or Danzell's recovery must be reduced, because Danzell has failed to mitigate his damages.

### Eighth Affirmative Defense

Danzell's injuries and/or damages were wholly or predominantly caused by the acts or omissions of a third person or persons, which acts or omissions Nestor had no reason to anticipate and over which person or persons Nestor had no control.

### Ninth Affirmative Defense

Danzell's claims are barred by fraud, misrepresentation, mistake, duress and/or undue influences.

### Tenth Affirmative Defense

Danzell's damages, if any, were caused by his own actions.

WHEREFORE, Defendant Nestor, Inc. respectfully requests that this Court dismiss all claims asserted by Plaintiff William B. Danzell, with prejudice, award it its costs of suit and attorneys' fees, and grant it such other and further relief as this Court may deem just and proper.

Respectfully submitted this 6th day of April, 2009.

/s/ Joseph D. Whelan
Joseph D. Whelan, Esq. (#5694)
Meghan E. Siket (#7676)
Hinckley, Allen & Snyder LLP
50 Kennedy Plaza, Suite 1500
Providence, Rhode Island 02903-2319
tel. (401) 274-2000 / fax. (401) 277-9600
E-mail:   jwhelen@haslaw.com
          msiket@haslaw.com
Attorney for Defendant

**CERTIFICATION OF SERVICE**

To:

Harold Fred Kuhn, Jr.
Moss Kuhn and Fleming
PO Drawer 507
Beaufort, SC 29901

    I hereby certify that on April 6, 2009, a copy of the foregoing Answer of Defendant Nestor, Inc. to Plaintiff William B. Danzell's Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation o the court's electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

    /s/ Joseph D. Whelan

965476v1 (58029/124562)